UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE W.[1],

    **Plaintiff,**

v.            Civil Action 3:24-cv-39
                       Judge Thomas M. Rose
**COMMISSIONER OF SOCIAL**     Magistrate Judge Chelsey M. Vascura
**SECURITY,** *et al.*,

    **Defendant.**

## REPORT AND RECOMMENDATION

    Plaintiff, Lawrence W., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Social Security Period of Disability Benefits, Disability Insurance Benefits ("DIB"). This matter is before the undersigned for a Report and Recommendation ("R&R") on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 9), Plaintiff's Reply to Defendant's Memorandum in Opposition (ECF No. 10), and the administrative record (ECF No. 7). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **AFFIRM** the Commissioner of Social Security's non-disability determination and **OVERRULE** Plaintiff's Statement of Errors.

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

## I.     BACKGROUND

Plaintiff protectively filed his most recent DIB application on May 28, 2021. He initially alleged that he became disabled on January 9, 2018, but later amended his alleged onset date to December 24, 2019. After Plaintiff's claims were denied initially and on reconsideration, an Administrative Law Judge ("ALJ") held a telephonic hearing, at which Plaintiff appeared and testified. A vocational expert ("VE") also appeared and testified. On January 3, 2023, the ALJ issued an unfavorable determination (R. 18–33), which became final when the Appeals Council declined Plaintiff's request for review.

Plaintiff seeks judicial review of that unfavorable determination. Plaintiff contends that the ALJ committed reversible error by failing to include functional restrictions in his RFC that adequately addressed his concentration, persistence, and pace limitations. (Pl.'s Statement of Errors, 5–7, ECF No. 8.) The Commissioner correctly asserts that Plaintiff's contention of error lacks merit. (Df.'s Memo. in Opp., 3–7, ECF No. 9.)

## II.     THE ALJ's DECISION

The ALJ issued his decision on January 3, 2023. The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2023. (R. 21 at

1035.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 9, 2018. (*Id.* at 21.) At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease; lumbar radiculopathy and spondylosis; annular tear; thoracolumbar scoliosis; glaucoma; bilateral myopia; migraine headaches; obstructive sleep apnea; hypertension; obesity; adjustment disorder; and depressive disorder. (*Id.* at 22.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 23.)

The ALJ next set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

   1. Is the claimant engaged in substantial gainful activity?

   2. Does the claimant suffer from one or more severe impairments?

   3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

   4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

   5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

[3] A claimant's RFC is an assessment of "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).

3

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with the following exceptions: . . . . The claimant is limited to carrying out simple instructions.

(*Id*. at 25.)[4]

At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work as a group leader, injection molding machine tender, management trainee, or store laborer. (*Id.* at 30.) At step five, the ALJ, relying on testimony from a VE, found that considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform, including such representative occupations as assembler, inspector, document preparer, sorter, and order clerk. (*Id*. at 31.)[5] The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act, from January 9, 2018, through the date of the decision. (*Id.* at 32.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ..”). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant

---

[4] Because Plaintiff's single contention of error pertains to his mental health impairments, the undersigned's discussion is limited to the same.

[5] All these representative occupations are unskilled. (R. at 62, 64.)

4

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As noted, Plaintiff contends that the ALJ reversibly erred by failing to include restrictions in his RFC that adequately addressed his limits in his ability to concentrate, persist, and maintain pace. (Pl.'s Statement of Errors, 5, ECF No. 8.) Plaintiff particularly contends that because the ALJ determined that he had moderate limitations in his ability to maintain pace, the ALJ was required to include a pace-based restriction in Plaintiff's RFC and in the hypothetical question that the ALJ posed to the VE. (*Id*. at 5, 6–7.) The undersigned does not agree.

As a preliminary matter, the ALJ determined that Plaintiff experienced a moderate limitation in his ability to concentrate, persist, *or* maintain pace. (R. at 24 (emphasis added).) Notably, that determination was "written in the disjunctive and, absent any evidence of the need for specific pace-based restrictions, [did] not mandate the inclusion of such restrictions in the

5

hypothetical to the VE." *Hatfield v. Comm'r of Soc. Sec.*, No. 1:14-CV-851, 2016 WL 225674, at *8 (S.D. Ohio Jan. 19, 2016), *adopted and aff'd*, 2016 WL 695974 (S.D. Ohio Feb. 22, 2016). *See also Kline v. Astrue*, No. 1:12-cv-01802, 2013 WL 1947164, at *4 (N.D. Ohio Apr. 17, 2013), *adopted sub nom. Kline v. Colvin*, 2013 WL 1946201 (N.D. Ohio May 9, 2013) ("[I]t is significant to note that the ALJ did not necessarily attribute all three impairments – deficient concentration, persistence, and pace – to [the claimant]. The classification is written in the disjunctive.") (quoting *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997)). Thus, it is not necessarily the case that the ALJ determined that Plaintiff had moderate limits in maintaining pace. And Plaintiff fails to point to any evidence that he needed a specific pace-based restriction.

In any event, when discussing Plaintiff's mental health impairments, the ALJ explicitly indicated that Plaintiff might experience periodic attention deficits, and therefore, he was restricted to work that required only simple instructions. The ALJ wrote as follows:

> In terms of concentration persistence and pacing, [a consultative examiner] noted that [Plaintiff] had 'relatively recent onset of atypical mental health symptoms which may interfere with his attention at times.' While this appears to be essentially an aside, rather than a direct conclusion, I find it consistent with the record, and, out of an abundance of caution, have therefore found that [Plaintiff] has a moderate level of limitation in this area and have imposed the noted instructional limitation.

(R. at 29.) As this discussion demonstrates, the ALJ gave Plaintiff the benefit of the doubt by including a simple instruction restriction the ultimate RFC determination.

Plaintiff nevertheless contends that the simple instruction restriction was insufficient because some courts, mostly outside this circuit, have concluded that a restriction to simple, routine tasks, or unskilled work does not account for limits in concentration, persistence, and pace. (Pl.'s Statement of Errors, 5–6, ECF No. 8.) But "[c]ase law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace." *Kepke v. Comm'r of Soc.*

6

*Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016). Instead, the Sixth Circuit Court of Appeals has found that in the absence of "evidence in the record that provides for specific, concrete limitations on [a claimant's] ability to maintain concentration, persistence or pace while doing simple, unskilled work," a limitation to simple, unskilled work fairly accommodates a claimant's impairments. *Id*. at 636 (citing *Smith–Johnson v. Comm'r of Soc. Sec.,* 579 Fed. App'x 426, 436–37 (6th Cir. 2014).

Plaintiff does not cite record evidence of any specific, concrete limits on his ability to maintain concentration, persistence, or pace while doing simple, unskilled work. Consequently, the undersigned concludes that in light of Sixth Circuit case law, the inclusion of a simple instruction restriction in both the RFC and the hypothetical posed to the VE adequately accounted for Plaintiff's limits in his ability to concentrate, persist, or maintain pace. Further, because there is case law on this point from the Sixth Circuit, the undersigned declines Plaintiff's invitation to follow out-of-circuit or non-authoritative precedent to reach an opposite conclusion. (Pl.'s Statement of Errors, 5–6, ECF No. 8; Pl.'s Reply, 1–2, ECF No. 10.)

Accordingly, the undersigned concludes that the RFC and the hypothetical question posed to the VE properly accounted for the Plaintiff's limitations in concentration, persistence, or pace, and the ALJ did not reversibly err. Plaintiff's contention to the contrary lacks merit.

## V. RECOMMENDED DISPOSITION

For all of the foregoing reasons, it is **RECOMMENDED** that the Court **AFFIRM** the Commissioner's non-disability determination and **OVERRULE** Plaintiff's Statement of Specific Errors. (ECF No. 8.)

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this R&R, that party may, within fourteen (14) days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or

7

recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the R&R or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                /s/ *Chelsey M. Vascura*
                                                CHELSEY M. VASCURA
                                                UNITED STATES MAGISTRATE JUDGE